UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. CHARLES DUPIN, *et al.* | CIVIL ACTION |
| VERSUS | NO. 23-2990 |
| J.P. MORGAN CHASE BANK, N.A. | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant JPMorgan Chase Bank, N.A. ("Chase").[1]  Plaintiffs Dr. Charles Dupin and Diane Dupin (together, "Plaintiffs") respond in opposition,[2] and both sides reply in further support of their respective positions.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

**I.   BACKGROUND**

This matter arises out of an internet scam.  On January 21, 2022, Mrs. Dupin, who is in her late seventies, was victimized by a fraudster posing as an employee of LifeLock, an identity theft protection service.[4]  Through telephone contacts and pop-ups on her computer, Mrs. Dupin was deceived into believing that LifeLock had mistakenly wired $90,000 into her account at Capital One Bank ("Capital One") and that she urgently needed to return the money to avoid adverse consequences.[5]  Pursuant to the instructions of the fraudster, Mrs. Dupin went to a Capital One

---

[1] R. Doc. 11.
[2] R. Doc. 13.
[3] R. Docs. 18; 21.
[4] R. Doc. 10 at 2.
[5] *Id.*

branch in Metairie, Louisiana, and wired $90,000 to the designated Chase account in Cooper City, Florida, believing that the money was going to LifeLock.[6] The name "DLH Trading, Inc." ("DLH Trading") was associated with the Chase account.[7] The fraudster, demanding more money, continued to threaten Mrs. Dupin.[8] Mrs. Dupin again spoke with a Capital One employee, who informed her that she had been scammed.[9] Capital One and Dr. Dupin attempted to contact DLH Trading to retrieve the money, but to no avail because the person behind the supposed company used a fictitious name and address to open the Chase account.[10] Plaintiffs notified the Federal Bureau of Investigation of the crime and Plaintiffs' attorney wrote to Chase seeking the identity of the person who opened the account.[11] Chase has not provided Plaintiffs with the fraudster's identity.[12]

On August 1, 2023, Plaintiffs commenced this suit against Chase, alleging negligence and breach-of-contract claims based on the "Know Your Customer" clause contained in the Deposit Account Agreement and Privacy Notice (the "Deposit Agreement") that Chase enters into with its customers.[13] The Deposit Agreement states, in pertinent part:

> **E. Our Responsibility to Obtain Personal Information**
>
> Federal law requires all financial institutions to obtain, verify, and record information that identifies each person or business who opens an account. We require the following information or documents as a condition to your opening an account:
>
> ….
>
> - For a business account: your business name, your taxpayer identification number and business address; the name, residential address, date of birth

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at 3.
[9] *Id.*
[10] *Id.*
[11] *Id.*; R. Doc. 1-1.
[12] R. Doc. 10 at 3.
[13] R. Docs. 1; 10 at 3-6.

2

and Social Security number of each signer, so we can verify the signer's identity; and documents to verify the business's existence.

Our policies may require additional information about you or any person associated with you or with the account when or after you open the account to assure that we comply with "Know Your Customer" requirements. We may restrict or close your account if we are unable to obtain information in order to satisfy our "Know Your Customer" requirements. By opening an account with us, you confirm that neither you nor any beneficial owner of any account is covered by any sanctions programs administered or enforced by the U.S. Department of the Treasury, Office of Foreign Asset Control.[14]

With respect to their negligence claim, Plaintiffs allege that Chase, through the Know Your Customer clause, which Plaintiffs contend is broader than the federal law upon which it is based, assumed a duty to collect identifying information about persons or entities opening accounts in order to prevent the bank from being used by its customers to facilitate fraud on third parties.[15] As to their breach-of-contract claim, Plaintiffs allege that they were third-party beneficiaries of the Know Your Customer clause, which they say Chase breached by failing to obtain identifying information about DLH Trading.[16]

## II.   PENDING MOTION

Chase moves to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6), arguing first that Plaintiffs fail to state a negligence claim because banks do not owe any duty to non-customer third parties, including a duty to protect them from fraud perpetrated by the bank's customers.[17] Chase further argues that there is no private right of action in negligence against a bank for the breach of the Know Your Customer provision, which is required by federal law.[18] Second, Chase also argues that Plaintiffs fail to state a breach-of-contract claim because they are neither parties to, nor third-

---

[14] R. Doc. 13-1 at 2.
[15] R. Doc. 10 at 3-5.
[16] *Id.* at 5-6.
[17] R. Doc. 11-2 at 6-10.
[18] *Id.* at 10-16.

party beneficiaries of, the Deposit Agreement.[19]  As to third-party beneficiary status, Chase contends that the Know Your Customer clause does not manifestly express an intention to benefit Plaintiffs (or any non-customers) in a specific, non-incidental way, but rather is intended solely to comply with federal law.[20]

In opposition, Plaintiffs posit that Chase's arguments as to negligence are irrelevant because their cause of action is based on the bank's violation of its *own* rules and regulations set forth in the Know Your Customer clause, which Plaintiffs contend is an assumed duty, and not on a violation of the bank's fiduciary duty or any federal statute or regulation.[21]  According to Plaintiffs, Chase assumed a duty to prevent its customers from using their accounts to commit fraud when it made its obtaining identifying information a condition of opening an account.[22]  Plaintiffs further argue that they should be able to conduct discovery on whether they, as non-customers of Chase, were within the scope of the assumed duty.[23]  With respect to their breach-of-contract claim, Plaintiffs argue that they are third-party beneficiaries of the Deposit Agreement because the Know Your Customer clause was intended to benefit the class of people to which they belong, *i.e.*, non-customer victims of fraud perpetrated by anonymous account holders.[24]

Chase replies, arguing that it did not assume any duty to Plaintiffs because an express, written fiduciary duty, which does not exist here, is a prerequisite to a negligence claim against a bank.[25]  Chase also asserts that, under Louisiana law, a bank does not owe any duty to a non-customer to protect him or her from the criminal acts of the bank's customers.[26]  Next, Chase

---

[19] *Id.* at 16-20.
[20] *Id.* at 17-20.
[21] R. Docs. 13 at 5; 21 at 1, 3.
[22] R. Docs. 13 at 6; 21 at 3.
[23] R. Doc. 13 at 6-9.
[24] *Id.* at 9-10.
[25] R. Doc. 18 at 2-3.
[26] *Id.* at 3-4.

4

argues that its compliance with federally-mandated customer identification provisions, which – contrary to plaintiffs' assertion – are required to open an account, does not equate to an assumption of a duty to protect all non-customers from fraud perpetrated by the bank's customers.[27] Chase contends that Plaintiffs' negligence claim is a disguised claim under the Bank Secrecy Act, which does not allow for a private right of action.[28] Moreover, Chase argues that Plaintiffs cannot prevail on the assumption-of-duty theory because they have not alleged physical harm.[29] As to the breach-of-contract claim, Chase points out that its compliance with federal law does not render every non-customer a third-party beneficiary of its deposit agreements with its customers.[30]

In Plaintiffs' surreply, they argue that an allegation of physical harm is not required under Louisiana law to prevail when the defendant allegedly assumed a duty.[31]

### III.  LAW & ANALYSIS

#### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements

---

[27] *Id.* at 4-7.
[28] *Id.* at 7-8.
[29] *Id.* at 8-9.
[30] *Id.* at 9-10.
[31] R. Doc. 21 at 1-5.

5

of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

6

likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

B. Analysis

1. Negligence

Plaintiffs allege a negligence claim against Chase. "Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles as set forth in the Civil Code." *Jenkins v. Hernandez*, 305 So. 3d 365, 371 (La. App. 2020) (citing

7

*Brewer v. J.B. Hunt Transp., Inc.*, 35 So. 3d 230, 240 (La. 2010)). To prevail under the duty-risk analysis, a plaintiff must prove the following elements: (1) the defendant had a duty to conform his or her conduct to a specific standard (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach-of-duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope-of-liability or scope-of-protection element); and (5) actual damages (the damages element). *Id.*

Chase's motion to dismiss implicates the duty element.[32] Chase argues, and Plaintiffs agree, that neither Louisiana, nor federal, law imposes a duty on a bank to protect non-customers from fraud perpetrated by the bank's customers under the facts alleged in the complaint.[33] Instead, Plaintiffs argue that Chase, in the Know Your Customer clause, assumed such a duty by requiring their customers to provide the identification information as a condition for opening an account.[34]

"Duty is a question of law." *Harris v. Pizza Hut of La. Inc.*, 455 So. 2d 1364, 1371 (La. 1984). "Under Louisiana law, one who does not owe a duty to act may assume such a duty by acting." *Hebert v. Rapides Par. Police Jury*, 974 So. 2d 635, 643 (La. 2007). The Louisiana supreme court has explained that "an assumption of a duty arises when the defendant (1) undertakes to render services, (2) to another, (3) which the defendant should recognize as necessary

---

[32] R. Doc. 11-2 at 6-16.
[33] *Compare id.* (discussing, for example, La. R.S. 10:4A-212 ("[A receiving bank's] liability is limited to that provided in this Chapter [concerning funds transfers]. A receiving bank is not the agent of the sender or beneficiary of the payment order it accepts, or of any other party to the funds transfer, and the bank owes no duty to any party to the funds transfer except as provided in this Chapter or by express agreement."); *Glass v. Berkshire Dev.*, 612 So. 2d 749, 753 (La. App. 1992) ("Under Louisiana law a bank owes no duty to a third person with whom a bank customer … does business."); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 286 (5th Cir. 1992) ("The Louisiana Supreme Court has found as a matter of law that under normal circumstances a bank owes no duty to those who are not its customers respecting investigation or disclosure concerning its customers."); *Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.*, 2019 WL 3503109, at *6-7 (N.D. Cal. Aug. 1, 2019) (collecting cases holding that there is no private right of action under the Bank Secrecy Act and no duty arising out of its monitoring requirements), *with* R. Doc. 13 at 7 ("It is true that neither Louisiana law nor the federal banking regulations impose a duty on banks to protect non-customers from violations of those regulations or laws.").
[34] R. Doc. 13 at 5-9.

8

for the protection of a third person." *Id.* (citing *Bujol v. Entergy Servs., Inc.*, 922 So. 2d 1113, 1129 (La. 2004)). Courts must determine whether the defendant affirmatively undertook a duty by examining "the scope of the defendant's involvement, the extent of the defendant's authority, and the underlying intent of the defendant." *Id.* at 644 (citing *Bujol*, 922 So. 2d at 1131). The plaintiff bears the burden of proving by a preponderance of the evidence facts sufficient to establish that the defendant assumed a duty. *Id.*

Here, Plaintiffs have not demonstrated that Chase assumed a duty to collect identifying information about its customers to prevent persons from opening anonymous accounts in order to defraud third parties. As an initial matter, Plaintiffs' claim does not fit into the rubric of assumed duty as articulated by the Louisiana supreme court.[35] Plaintiffs have not demonstrated what service Chase did for its customer by agreeing to collect the information. The service here was opening the account for the customer – not the collection of information. Plaintiffs do not allege that Chase

---

[35] It is questionable whether Plaintiffs' claim involving economic injury even qualifies for the assumption-of-duty theory applied in *Bujol* and *Hebert*. Both of those cases involved personal injuries. In *Bujol*, plaintiffs alleged that a parent company contractually assumed its subsidiary's duty to provide a safe workplace. 922 So. 2d at 1119-1122. The Louisiana supreme court applied the common law "Good Samaritan Doctrine," which it explained as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability of the third person for *physical harm* resulting from his failure to exercise reasonable care to protect [perform] his undertaking, if
> 
>> (a) his failure to exercise reasonable care increases the risk of harm, or
>> (b) he has undertaken to perform a duty owned by the other to the third person, or
>> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
>
> This common law doctrine has existed for centuries and has traditionally been used to impose liability upon an actor who has failed to exercise reasonable care when it undertook to perform a duty owed to a third party.

*Id.* at 1128 (emphasis added). This reasoning was applied in *Hebert* because the court determined that the parent-subsidiary relationship at issue in *Bujol* was analogous to the relationship between the Louisiana Department of Transportation and Development and the highway departments of the State's political subdivisions that was relevant in *Hebert*. 974 So. 2d at 643.

Here, Plaintiffs have not alleged physical harm, nor have they explained how Chase's alleged failure to collect identification information in this instance increased the risk that they would fall for a fraud scheme. Moreover, there is no allegation that the duty to collect account-holder information was owed by another and undertaken by Chase or that Plaintiffs could reasonably rely on Chase to prevent them from becoming victims of fraud.

9

failed to open the account, but rather that it failed to obtain information about the account holder. Moreover, that Chase's opening of the account was conditioned on obtaining the information signifies nothing more than the bank's express intent to comply with federal law requiring that it obtain such information. Plaintiffs also premise their theory on that part of the Know Your Customer clause which states that Chase may "require additional information" beyond what is minimally required to comply with federal law.[36] However, this statement, in context, likewise merely manifests Chase's intention to comply with federal law. It is not an assumption of an unspecified duty to third parties, because it states in full that Chase "may require additional information about you or any person associated with you or with the account when or after you open the account *to assure that we comply with "Know Your Customer" requirements*."[37] Plaintiffs have failed to show that the Deposit Agreement evinces Chase's intent to assume a duty to protect them from fraud.

### 2. Stipulatio*n Pour Autrui*

Under Louisiana law, a contract for the benefit of a third party is called a stipulation *pour autrui*. *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So. 2d 1206, 1211-12 (La. 2006). A stipulation *pour autrui* exists if (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the parties. *Id.* at 1212. "A stipulation *pour autrui* is never presumed." *Id.* The party claiming the benefit bears the burden of proof, which it cannot meet, unless the contract manifests a clear intention to benefit the third party. *Id.*

---

[36] Federal regulations require banks to obtain certain information in connection with their opening an account, including, at a minimum, the customer's name, address, and taxpayer identification number, along with documents showing the existence of an entity. 31 C.F.R. § 1020.220.
[37] R. Doc. 13-1 at 2 (emphasis added).

10

Here, the Deposit Agreement does not contain a stipulation *pour autrui* in favor of Plaintiffs or any other third party. As one would expect, the contract contains the rights and responsibilities of Chase and its customer regarding the customer's account. The Know Your Customer clause constitutes Chase's statement that it is complying with federal law by obtaining the required information about its customer. Plaintiffs are not named in the Deposit Agreement as third-party beneficiaries of any part of the contract, including the Know Your Customer clause. And there is no clear intention manifested in the Deposit Agreement to benefit Plaintiffs or any other third party in any identifiable and certain way. Just as third parties may incidentally benefit from Chase's compliance with federal regulations, "[a] person may derive a benefit from a contract to which he is not a party without being a third party beneficiary." *Id.* at 1214. Any non-specific benefit third parties may receive from the Know Your Customer clause is merely incidental. Thus, because the Deposit Agreement does not contain a stipulation *pour autrui*, Plaintiffs' breach-of-contract claim must be dismissed.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Chase's Rule 12(b)(6) motion to dismiss (R. Doc. 11) is GRANTED, and Plaintiffs' claims against Chase are dismissed.

New Orleans, Louisiana, this 23rd day of October, 2023.

BARRY W. ASHE<br>
UNITED STATES DISTRICT JUDGE